Abram J. BERKWITZ, Plaintiff,

v.

George M. HUMPHREY et al., Defendants.

Civ. A. No. 27386.

United States District Court, N. D. Ohio, E. D.

Jan. 14, 1955.

---

Harrison, Spangenberg & Hull, Cleveland, Ohio, for plaintiff.

Earl F. Reed, of Thorp, Reed & Armstrong, Pittsburgh, Pa., Maurice F. Hanning, of McAfee, Grossman, Taplin, Newcomer & Hazlett, Cleveland, Ohio, Squire, Sanders & Dempsey, Cleveland, Ohio, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for defendants.

McNAMEE, District Judge.

This is a derivative action by plaintiff, a resident of Massachusetts, against the Pittsburgh-Consolidation Coal Company, a Pennsylvania corporation, two of its directors, and the Hanna Coal Company. Plaintiff is the owner of 200 of the two million shares of the Common Stock of Pittsburgh, which is less than fifteen-one thousandths of one per cent. of the corporation's outstanding shares. The action was filed in 1950 and has reached the stage where defendants' motion for summary judgment has been overruled.

Shortly after the overruling of the motion for summary judgment plaintiff filed a similar action against other directors and the corporation in the Federal District Court for the Western District of Pennsylvania. In the Pennsylvania case the corporation filed a motion to require plaintiff to post a bond to secure its expenses incurred in the defense of the action or, in the alternative, to join as plaintiffs shareholders whose holdings, together with those of plaintiff, would equal five per cent. or more of the corporation's outstanding shares. The motion was based upon Public Law 253 of the laws of the Commonwealth of Pennsylvania, particularly Section 2 thereof. In its pertinent part Public Law 253 provides:

Section 1.

*"In any suit brought to enforce a secondary right on the part of one or more shareholders against any officer, or director, or former officer or director of a corporation, domestic or foreign,* because such corporation refuses to enforce rights which may properly be asserted by it, the plaintiff or plaintiffs must aver and it must be made to appear, that the plaintiff or each plaintiff was a stockholder at the time of the transaction of which he complains, or that his stock devolved upon him by operation of law from a person who was a stockholder at such time." 12 Purdon's Statutes, § 1321. (Emph. sup.)

Section 2.

"In any *such* suit instituted or maintained by holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock or voting trust certificates, the corporation in whose right such action is brought shall be entitled, at any stage of the proceedings, to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorneys' fees, which may be incurred by it in connection with such suit,

and by the other parties defendant in connection therewith, for which it may become liable pursuant to section three of this act, to which security the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may, from time to time, be increased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate." 12 Purdon's Statutes, § 1322. (Emph. sup.)

The District Court in Pennsylvania granted defendant's motion, and upon failure of the plaintiff to comply with the terms of the court's order that action was dismissed. Following the dismissal of the suit in Pennsylvania, defendant filed a motion in this court to require plaintiff to post a bond to secure defendant's expenses, including attorney's fees, which have been and may be incurred in the defense of this litigation. This motion also is based upon Section 2 of the statute quoted above.

Statutory provisions similar to Section 2 are in effect in several of the States; but no such provision is contained in the Federal statutes, the Federal Rules of Civil Procedure, or in the statutes of Ohio.

However, it is urged by defendant that the provisions of the Pennsylvania statute requiring plaintiff to post a bond to secure defendant's expenses in litigation created a substantive right in defendant which, under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and the Full Faith and Credit Clause of the United States Constitution, must be recognized and given effect by this court.

The statute imposes the same conditions upon shareholders of foreign as well as domestic corporations who institute derivative actions in Pennsylvania, and it confers upon both foreign and domestic corporations as defendants in a derivative action in that State the identical right to demand security for defendant's expenses of litigation.

Defendant concedes that as to foreign corporations and their shareholders the statute has no extraterritorial effect; but attempts to construe it as having such effect when applied to domestic corporations of Pennsylvania and their shareholders. This attempt fails. It rests upon the premise that the right of a Pennsylvania corporation to demand security in a derivative action by shareholders owning less than five per cent of the stock is a substantive right. This is an imprecise and incorrect designation of the right granted by the statute. But regardless of its classification, the right conferred upon domestic corporations is the same right that is conferred upon foreign corporations as parties defendant in derivative actions in the courts of Pennsylvania, and it must be given the same limited territorial effect.

The case of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 1230, 93 L.Ed. 1528, does not require a different construction. In Cohen the corporation was organized under the laws of Delaware. That State imposed no condition requiring a shareholder in a derivative action to post a bond securing the corporation's expenses. The action was brought in New Jersey, which, at the commencement of the action, had no such statutory requirement. However, during the pendency of the action, the Legislature of New Jersey enacted a statute providing that in a derivative action brought by shareholders whose interest is less than five per cent of the value of all outstanding shares and has a market value of less than $50,000, the plaintiffs may be required to give security for the corporation's expenses of such litigation. It was held in Cohen that a statute of the state of the forum which conditions a shareholder's right to maintain a derivative action in that State upon the furnishing of security for the corporation's expenses in litigation was something more than a mere "regulation of procedure." While in its reference

to the new liability created by the New Jersey statute the court described it as "substantive", it is clear that the term was not used in its traditional sense as affecting the merits of the action. In deciding that the order of the District Judge denying a motion to require security was appealable, the Supreme Court was careful to note that the decision from which appeal was taken, determined a claim of right "separable from, and collateral to, rights asserted in the action," and held that the order from which appeal was taken was a final disposition of a claimed right "which is not an ingredient of the cause of action and does not require consideration with it." Thus the court held that the New Jersey statute created a right which was collateral to and distinguishable from substantive rights which govern and control a decision in a trial on the merits.

Further recognition of the remedial nature of the right granted by the New Jersey statute is to be found in that portion of the Cohen opinion dealing with the issue of constitutionality. On page 552 of 337 U.S., on page 1228 of 69 S.Ct. of the opinion the court declared that "a state may set the terms on which it will permit litigations in its courts." The court also observed that the Federal Constitution does not require a State "to place its litigating and adjudicating processes at the disposal" of a minority shareholder "without imposing standards of responsibility, liability and accountability which it considers will protect the interests he elects himself to represent." And finally it was said that "A plaintiff cannot avail himself of the New Jersey forum and at the same time escape the terms on which it is made available * * *". These and other expressions of the court, as well as the general tenor of the opinion, reveal that the New Jersey statute although considered as having a "substantive aspect" was regarded by the Supreme Court as a remedial measure. Under the holding in Cohen the Pennsylvania statute would be applicable in a derivative action brought in that State. But the Cohen case is not authority for the proposition that a remedial statute of a foreign state must be given extraterritorial effect in the State of the forum. That question was not raised or decided in the cited case. The fact that Pennsylvania is the State of incorporation of the defendant does not enlarge or extend the right granted by the statute. The statute deals with derivative actions in the courts of Pennsylvania involving both foreign and domestic corporations and their shareholders and has no application beyond the borders of that State. The doctrine of Erie R. Co. v. Tompkins is of no aid to the defendant. Under the Erie rule it is immaterial whether a state statute requiring a bond for costs be characterized as substantive or remedial. The policy of Erie R. Co. v. Tompkins is stated in Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079, as follows:

> "In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result."

■■ It seems beyond dispute that in a shareholder's derivative action on behalf of a Pennsylvania corporation instituted in Ohio a state court would not apply the Pennsylvania statute requiring security for the corporation's expenses in litigation. In the interests of that uniformity of result that the Erie rule is designed to secure, this court must also refuse to apply it. It is clearly settled that in matters of remedial rights every case is governed by the law of the

place where the remedy is sought. The one exception recognized by the authorities is where the foreign remedy is inseparable from the cause of action. 11 Am.Jur., Conflicts of Laws, Sec. 186—pp. 498–499.

■■ As has been shown, the Pennsylvania statute cannot be construed as granting a right which is an essential ingredient of the cause of action. It confers a separable and collateral right affecting the remedy and prescribes the terms upon which Pennsylvania will permit this class of litigation to be prosecuted in its courts. It is the policy of Ohio law to permit such suits to be maintained by a non-resident plaintiff upon a deposit of cash or the furnishing of security for the ordinary costs of litigation. Section 2323.31 Rev.Code of Ohio. The Federal Rules of Civil Procedure, 28 U.S.C.A., are not in conflict.

The motion is overruled.